**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

INDERJIT SINGH,

Petitioner,

v.

US DEPT OF HOMELAND SECURITY et.al.,

Respondents.

No. 1:26-cv-7205-DC-ICD

ORDER

Petitioner, an immigration detainee, filed this 28 U.S.C. § 2241 habeas petition on September 8, 2026. ECF No. 1. He previously filed *Singh v. Albarran*, et al., 1:26-cv-0940-DC-ICD (*Singh I*), which was pending when he initiated this action. Judge Coggins denied the petition in *Singh I* on October 1, 2026. *Id.* at ECF No. 21. Because this action appears duplicative of *Singh I*, the Court orders Petitioner to show cause why this case should not be dismissed.

Litigants have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendants. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). A suit is duplicative if the claims, parties, and available relief "do not significantly differ." *Id.* at 689.

Here, the claims and parties in both actions are essentially identical:

- **Claims and Relief**: In both cases, Petitioner alleges that his continued detention violates his Fifth Amendment Due Process rights and seeks immediate release or a meaningful custody review. ECF No. 1, pp. 1, 7–9; Singh I, ECF No. 1, pp. 3, 14–15.
- **Parties:** Although the named respondents are not identical, Petitioner sues the exact same real parties in interest—the Department of Homeland Security, ICE, and the detention facility's warden—to challenge his custody.

Because Petitioner filed this action while an essentially identical lawsuit was pending in this Court, this case is subject to dismissal as duplicative.

Accordingly, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, within **14 days** of the date of this order, why this action should not be dismissed as duplicative of *Singh I*.

Dated: October 22, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE