**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

INDERJIT SINGH,

Petitioner,

v.

US DEPT OF HOMELAND SECURITY et.al.,

Respondents.

No. 1:26-cv-7205-DC-ICD

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner first filed his petition on September 8, 2026. ECF No. 1. Petitioner also previously filed another action in this Court. *See Singh v. Albarran, et al.*, No. 1:26-cv-0940-DC-ICD (*Singh I*). In an order dated October 1, 2026, Judge Coggins entered judgment denying the petition in *Singh I*. ECF No. 21 in *Singh I*. Because it appeared that this action is duplicative of *Singh I*, on October 23, 2026, the Court directed Petitioner to show cause within 14 days why this action should not be dismissed. ECF No. 9. To date, Petitioner has not filed a response to the order to show cause.

"[Litigants] generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

In the above-captioned case, Petitioner sues the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), and the Warden of the California City Detention Center, alleging that his continued detention violates the Fifth Amendment and his right to Due Process. ECF No. 1 at 1, 7. Petitioner also contends that less restrictive alternatives to detention are available, his individual circumstances warrant relief, and the government has failed to provide a timely and meaningful post-order custody review. *Id.* at 7–8. Petitioner requests that this Court order his immediate release from custody and grant any further relief deemed appropriate. *Id.* at 9.

In an order in Petitioner's prior case—*Singh I*—dated October 1, 2026, Judge Coggins entered judgment denying the petition after Petitioner had already filed the above-captioned action. ECF No. 21 in *Singh I*. In *Singh I*, Petitioner sued Sergio Albarran (Field Office Director of Enforcement and Removal Operations for ICE, San Francisco Field Office), Kristi Noem (Secretary of the United States Department of Homeland Security), Todd M. Lyons (Acting Director of ICE), Pamela Bondi (United States Attorney General), and Christopher Chestnut (Warden of the California City Correctional Facility), alleging violations of his Due Process rights under the Fifth Amendment and the Immigration and Nationality Act. ECF No. 1 at 3 in *Singh I*. Petitioner asked the Court to: (1) assume jurisdiction over the matter; (2) issue an Order to Show Cause ordering Respondents to show cause within three days why the Petition should not be granted; (3) enjoin Respondents from transferring Petitioner during the pendency of the action; (4) declare that Petitioner's continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution; (5) grant the writ of habeas corpus and order Petitioner's immediate release from ICE custody; (6) in the alternative, order a constitutionally adequate *Rodriguez* bond hearing at which DHS bears the burden of proving that Petitioner is a danger to the community or a flight risk, or order other reasonable conditions of supervision; (7) award Petitioner his costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and (8) grant any other further relief the Court deemed just and proper. ECF No. 1 at 14–15 in *Singh I*.

At the time Petitioner filed the above-captioned action, *Singh I* was still pending. While the respondents named in both cases are not identical, it is clear that Petitioner is suing the agencies or the heads of those agencies for the same purpose in both cases—to obtain release from detention.

Courts "borrow from the test for claim preclusion" when determining whether a suit is duplicative. *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* Furthermore, the claims and parties do not necessarily need to be identical: "'a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* at 689 (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *see also Gau v. Hillstone Rest. Grp., Inc.*, No. 20-cv-08250-SVK, 2022 U.S. Dist. LEXIS 129007, at *11 (N.D. Cal. July 19, 2022) ("Contrary to Plaintiffs' assertion that the nominal plaintiffs, not just the real parties in interest, must be the same for claim preclusion to apply, courts have held that claim preclusion bars successive suits on the same claim brought by the same real party in interest."). Here, Petitioner has filed two actions which essentially request the same relief—his release from custody or an order to conduct a process whereby he might attain his release—from essentially the same parties—either the agencies or heads of the agencies with authority to detain noncitizens. The Court considers the claims and respondents in both of Petitioner's cases to be essentially the same.

Because Petitioner brought this case while an essentially identical claim was pending in this same District Court, the instant case, *Singh v. U.S. Department of Homeland Security*, is duplicative of *Singh I* and should be dismissed as such.

Based on the foregoing, the undersigned recommends that this action be dismissed as duplicative of *Singh v. Albarran, et al.*, No. 1:26-cv-0940-DC-ICD.

///

///

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE